**GFI, INC., Plaintiff,**

v.

**FRANKLIN INDUSTRIES, Astro Lounger Furniture Manufacturing, Parkhill Furniture, Inc., and Washington Furniture Mfg., Defendants.**

No. 3:97CV16–D–A.

United States District Court, N.D. Mississippi, Western Division.

April 23, 1999.

Thomas J. Suszek, Holcomb Dunbar, Oxford, MS, James J. Foster, Douglas R. Wolf, Matthew B. Lowrie, Wolf, Greenfield & Sacks, Boston, MA, J.T. Martin, Washington, DC, for Plaintiff.

Claude F. Clayton, Jr., Mitchell, McNutt, Threadgill, Smith & Sams, Tupelo, MS, V. Bryan Medlock, Jr., David Hitchcock, Sidley & Austin, Dallas, TX, Norwood Robinson, Robinson & Lawing, L.L.P., Winston-Salem, NC, Kenneth M. Burns, Okolona, MS, Raymond G. O'Neal, III, Mills and O'Neal, Fulton, MS, James H. Kelley, Edgartown, MA, John M. Creekmore, Amory, MS, for Defendants.

## *OPINION*

DAVIDSON, District Judge.

Presently before the court is the Plaintiff's "Renewed Motion to Dismiss Counterclaims with Respect to the '213 Patent."[1] The counterclaims which the Plaintiff asks this court to dismiss are all actions for a declaratory judgment that United States Patent No. 5,480,213 (the '213 patent) is invalid, unenforceable and not infringed. In its motion, the Plaintiff argues that those counterclaims should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Plaintiff promises not to sue the Defendants over the '213 patent, thereby divesting this court of Article III jurisdiction over the counterclaims.

"[A] patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts...." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058–59 (Fed.Cir. 1995). The covenant divests the court of jurisdiction because it renders the declaratory judgment action moot. *See Super Sack*, 57 F.3d at 1058 (finding declaratory judgment action not justiciable because there was no longer "a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit"). *See also Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir.1998) ("The justiciability of an issue ... is determined by the doctrines of standing, mootness, and ripeness. [M]ootness is the doctrine

---

1. Also before the court are a number of motions by the Defendant Washington Furniture Mfg.: (1) motion to reconsider, (2) motion to clarify, (3) motion for hearing, and (4) motion to file surreply. After careful consideration, the court finds that the motion to reconsider, motion to clarify, and motion for hearing should be denied; and that the motion to file surreply should be granted. Likewise, the Plaintiff's motion to file a surreply should be granted.

of standing set in a time-frame. The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).") (citations and quotations omitted). Citing *Super Sack*, the Plaintiff makes the following promise:

GFI unconditionally agrees not to sue these defendants (or their distributors or customers) for infringement as to any claims of the '213 patent based upon the products previously, currently, or in the future manufactured or sold (to those distributors or customers) by these defendants.

(Reply of GFI in Support of Renewed Motion to Dismiss, pp. 1–2). The Plaintiff filed this promise with the court on March 8, 1999. The Plaintiff subsequently explained that its promise "was intended to make clear that GFI will not sue [the Defendants] on the '213 patent under any circumstances." (Response in Opposition to Defendant's Motion to File Surreply, p. 2).

Previously the Plaintiff made a similar, but narrower, promise not to sue. That promise stated that "GFI will unconditionally agree not to sue these defendants for infringement as to any claim of the '213 patent based upon the products previously or currently manufactured and sold by them." That promise was too narrow because, although it encompassed products which the Defendants had previously or currently produced, it did not further encompass products which the Defendants had simply *prepared* to produce. *See Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed.Cir.1991) ("[T]he accused infringer must have actually produced *or prepared to produce* an allegedly infringing product.") (emphasis added); *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed.Cir. 1988) ("Plaintiff must be engaged in an actual making, selling or using activity subject to an infringement charge *or must have made meaningful preparation for such activity.*") (emphasis added).

Now the Plaintiff's promise is broad enough to encompass any future products regarding which the Defendants are currently making "meaningful preparation." *See Arrowhead Indus.*, 846 F.2d at 736. As the court reads the current promise, the Plaintiff promises not to assert the '213 patent against any of the Defendants with respect to any of their past, present or future acts. As such, the promise divests this court of Article III jurisdiction over the above-mentioned counterclaims, and the Plaintiff's 12(b)(1) motion to dismiss must be granted.

■ Reaching this conclusion, the court must next examine the effect which dismissal of the counterclaims has on the court's November 20, 1998, ruling that claims 1 through 4 of the '213 patent are invalid. The Plaintiff argues that the November 20th ruling must be vacated because the Plaintiff's promise divests this court of Article III jurisdiction to enter a final judgment regarding the '213 patent. The Defendants argue, on the other hand, that the November 20th ruling should not automatically be vacated because it preceded this court's loss of Article III jurisdiction. Citing the Fifth Circuit's decision in *Goldin v. Bartholow*, the Defendants explain that vacatur of an order is automatic only "[i]f a federal court enters [the] order after it has lost [Article III] jurisdiction." (Defendants' Surreply Memorandum § II.B., citing *Goldin v. Bartholow*, 166 F.3d 710, 718 (5th Cir.1999)).

However, the Defendants underestimate the reach of *Goldin*. In *Goldin*, a district court entered an interlocutory order regarding certain claims in August of 1996 and entered final judgment in the case in October of 1997. *Goldin*, 166 F.3d at 714. After entry of the interlocutory order, but before entry of final judgment, the claims which were the subject of the interlocutory order became moot. *Id.* at 718. Therefore, the Fifth Circuit held, the district court's interlocutory orders had to be vacated. *Id.* at 714–15. In so holding, the Fifth Circuit explained that vacatur of the

interlocutory orders was automatic because the federal court entered final judgment after losing Article III jurisdiction. *Id.* at 718 ("If mootness occurred prior to the rendering of final judgment by the district court, vacatur and dismissal is automatic. The district court would not have had Article III jurisdiction to render the judgment. . . .").

In this case, when the Plaintiff promised not to sue the Defendants regarding the '213 patent counterclaims, this court lost Article III jurisdiction of those counterclaims. Furthermore, this court lost its Article III jurisdiction before the entry of final judgment.[2] Accordingly, under *Goldin,* vacatur of the November 20th ruling regarding those counterclaims is automatic.

A separate order in accordance with this opinion shall be issued this day.

### ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS, DISMISSING COUNTERCLAIMS REGARDING '213 PATENT, VACATING ORDER DEEMING '213 PATENT INVALID, and RULING ON OTHER MOTIONS

Pursuant to an opinion issued today, it is hereby ORDERED that

(1) the Plaintiff's "Renewed Motion to Dismiss Counterclaims with Respect to the '213 Patent" (docket entry 359) is GRANTED;

(2) all of the Defendants' counterclaims regarding United States Patent No. 5,480,213 are DISMISSED;

(3) the portion of the court's order dated November 20, 1998, which deemed United States Patent No. 5,480,213 invalid is VACATED;

(4) the motion by the Defendant Washington Furniture Mfg. to reconsider (docket entry 314) is DENIED;

(5) the motion by the Defendant Washington Furniture Mfg. to clarify (docket entry 315) is DENIED;

(6) the motion by the Defendant Washington Furniture Mfg. for a hearing regarding the motion to clarify (docket entry 384) is DENIED;

(7) the motion by the Defendant Washington Furniture Mfg. to file a "Sur-reply" (docket entry 403) is GRANTED; and

(8) the Plaintiff's motion to file a "Sur-reply" (docket entry 383) is GRANTED.

---

2. In fact, final judgment has not been entered in this case. Of course, the November 20th ruling dealt finally with the '213 patent. However, that ruling was not the final judgment of this case. *See* Fed.R.Civ.P. 54(a) ("[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims [in an action] . . . shall not terminate the action as to any of the claims. . . ."); *United States v. Garner,* 749 F.2d 281, 285 (5th Cir.1985) ("[A]n order is final only when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (quotations and citations omitted).